UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VERONICA KING, | ) | CASE NO. ED CV 04-01077 (RZ) |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

  Plaintiff Veronica King raises two, somewhat interrelated challenges to the Social Security Commissioner's decision denying her application for disability benefits. The Court finds neither argument sufficient to overturn the decision.

  First, Plaintiff states that the Administrative Law Judge ignored the opinion of the treating physician. A treating physician's opinion is entitled to special deference, *Aukland v. Massanari*, 257 F.3d 1033, 1036 (9th Cir. 2001), and therefore the Administrative Law Judge must give specific and legitimate reasons for discounting it. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). Here, in response to a request from the State Agency doing the initial work-up, treating physician Dr. Thawat Eosakul stated that Plaintiff was unable to work due to low back pain, for a period from sometime in 2000 (perhaps February, depending on the interpretation of Dr. Eosakul's penmanship), to

1  sometime in September 2001.  [AR 184]  As noted by the Administrative Law Judge,
2  however, the doctor's own records did not support this conclusion.  While those records
3  reflect that Plaintiff often complained of low back pain, they do not show any objective
4  verification of the complaints, and in fact showed just the opposite; an x-ray showed a
5  completely normal lumbar spine.

6        Despite the fact that a treating physician's opinion, even an opinion of
7  disability, enjoys some deference, where the objective evidence is so at odds with the
8  opinion the Administrative Law Judge is entitled not to believe the opinion.  Inconsistent
9  objective evidence certainly is one factor an Administrative Law Judge may look at in
10 making his determination, *see, e.g.*, *Johnson v. Shalala*, 60 F.3d 1428, 1433-34 (9th Cir.
11 1995).  The treating physician's diagnosis of low back pain is entitled to deference, and the
12 Administrative Law Judge accorded it such deference by finding that Plaintiff had a severe
13 impairment; but the Administrative Law Judge was within his rights in concluding that the
14 extent of that pain was overstated, in light of the contrary objective evidence.

15       Furthermore, given that the x-rays showed a normal lumbar spine, in large part
16 the assessment of Plaintiff's pain came from the complaints of Plaintiff herself.  Yet the
17 Administrative Law Judge indicated good reasons to doubt Plaintiff's subjective
18 complaints, including her past use of illegal drugs, her inconsistent statements concerning
19 her recent use of those drugs, and the fact that her pain seemed to be controlled by
20 medication, when she took it.  When a physician's assessment rests on the subjective
21 complaints of a Plaintiff, and those complaints are discredited, so too is the physician's
22 assessment.  *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997).  The Court concludes
23 that substantial evidence supports the Administrative Law Judge's determination.

24       The second argument Plaintiff advances is that the testimony of the vocational
25 expert, which formed the basis for the finding of non-disability, cannot be sustained
26 because the Administrative Law Judge asked no hypothetical questions incorporating
27 limitations based on Plaintiff's pain.  However, it is appropriate to limit the assumptions
28 in a hypothetical question to those which find support in the record, and the Administrative

Law Judge is not required to include other assumptions. *Bayliss v. Barnhart*, ___ F.3d ___, slip opinion No. 04-35634 (9th Cir. November 2, 2005). The Administrative Law Judge having concluded that Plaintiff did not suffer disabling pain, and being justified in that conclusion, he was not required to proffer a different assumption when he asked questions of the vocational expert.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED:   November   7  , 2005

/s/
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE